THE COLUMBIA DELAWARE BRIDGE COMPANY, PLAINTIFFS IN ERROR, v. CHRISTIANNA GEISSE ET AL., DEFENDANTS IN ERROR.

Three freeholders appointed under an act passed March 7th, 1839, to appraise the damages sustained by the defendants, the owners of a ferry, by the erection of the plaintiffs' bridge, were sworn to appraise the damages sustained by the erection and use of the bridge—*Held*, that the affidavit was good, and not at variance with the true sense of the act—*Held, further*, that the freeholders were not restricted by the act to such information as they could obtain from their own view and examination of the property to be appraised, but were left free to determine for themselves, not only what information they would need, but how and from what source they would obtain it—the rules which govern the admissibility and effect of evidence in courts having no application to such proceedings.

Error to the Supreme Court.

For the facts in this case and the proceedings and opinion of the Supreme Court, see 6 *Vroom* 474.

To reverse the judgment founded on this opinion this writ of error was brought.

For plaintiffs in error, *J. G. Shipman.*

For defendants, *J. Vanatta.*

The opinion of the court was delivered by

WOODHULL, J.    This writ of error brings up a judgment of the Supreme Court, dismissing a writ of *certiorari* by which the plaintiffs in error sought to set aside the proceedings of three freeholders, appointed under an act passed March 7th, 1839, to appraise the damages which the defendants had sustained by the erection of the plaintiffs' bridge.

It is insisted on the part of the plaintiffs in error, that the court below erred in two particulars; first, in holding the appraisers' oath to be legal and sufficient; secondly, in holding that, to aid them in making their appraisement, they might lawfully receive from the defendants and examine certain toll books and ferry leases.

1. The chief objection urged here against the oath appeared to be this: that while the act authorized merely an appraisement of the damages sustained by the erection of the bridge, the oath required an appraisement of the damages sustained by the erection and use of the bridge. It is urged that the language of the affidavit is a departure from that of the act, and involves a misconstruction of it. But there is nothing in this objection. The affidavit is not at variance with the true sense of the act as settled by this court in a case between these same parties, decided at the June Term, 1871. It was sworn to shortly after, and was probably drawn with reference to that decision. At all events, it does, in fact, conform, in all material respects, to the construction of the act in question, sanctioned by the court in that case. *Col. Del. Bridge Co. v. Geisse et al.,* 6 *Vroom* 558.

2. The only remaining question is, whether the freeholders were at liberty to refer, for any purpose, to the leases and toll-books laid before them by the defendants.

It was argued on the part of the plaintiffs, that in ascertaining the damages, the freeholders were restricted to such information as they could obtain from their own view and examination of the property to be appraised. But this proposition is neither supported by the language, nor consistent with the purposes of the act.

It is true that where lands, or other corporeal things are required to be taken for the purposes of this act, the freeholders are to view and examine them. But there is nothing in the act to indicate that the legislature, even with respect to such property, intended that the freeholders should proceed solely upon such view and examination. And in the absence of such restrictive words or other clear induction to the contrary, the only reasonable conclusion, as it seems to me, is that the freeholders were left by this act, and were intended to be left entirely free to determine for themselves, not only what information they would need, but to obtain it from any source and in any way which would be open to a private citizen seeking similar information for the purposes of his own business. The artificial rules which govern the admissibility and effect of evidence in courts of justice have no application to proceedings of this character.

The freeholders might lawfully, as they did, without objection from either side, hear the oral statements and arguments of the parties, or those who represented them. They had a perfect right to receive and examine, as they did, the leases and ferry toll-books. And there was not, in my judgment, any legal impediment to prevent their receiving the same statements and documents, verified by affidavit, or by the testimony of witnesses sworn in their presence.

In this direction, at least, if not fully to this effect, are the decisions in the Supreme Court, and in this court, in the case of *Coster* v. *N. J. R. Co.*, 3 *Zab.* 227; 4 *Zab.* 730.

The result is, that as applied to cases where the sole duty of

the appraisers is to ascertain the value of land or other tangible property, the views urged by the counsel of the plaintiffs in error are not sustained by the language of the act, nor by the decisions of our courts; and, *a fortiori*, that they cannot be maintained, where, as in this case, the chief subject of the appraisement is a franchise, which cannot in the nature of things, be viewed and examined in the sense of the act, and the value of which the appraisers must therefore of necessity ascertain in some other way.

The judgment of the Supreme Court is right, and must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BEDLE, SCUDDER, WOODHULL, CLEMENT, GREEN, LILLY.  8.

*For reversal*—None.

CITED in *Columbia Del. Bridge Co.* v. *Geisse,* 9 *Vr.* 39.